Anthony J. Chuplis, Jr. et al., Appellants *v.* Shenandoah Firemen's Relief Association et al., Appellees.

Polish American Fire Company No. 4 of Shenandoah, Pennsylvania et al., Appellants *v.* Shenandoah Firemen's Relief Association et al., Appellees.

Submitted on briefs February 1, 1984, to Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Anthony J. Miernicki,* for appellants.

*W. J. Krencewicz,* for appellees.

OPINION BY JUDGE COLINS, May 2, 1984:

In these two consolidated cases, Anthony J. Chuplis, Jr. and the Polish American Fire Company No. 4 of Shenandoah, Pennsylvania (Polish American Fire Company) (appellants), appeal from two Orders of the Court of Common Pleas of Schuylkill County sustaining the Shenandoah Firemen's Relief Association's[1] (appellee) preliminary objections and dismiss-

---

[1] Shenandoah Firemen's Relief Association, is an unincorporated association whose membership consists of three members each from the Columbia Hose Company, the Rescue Hook & Ladder Company, the Phoenix Fire Company, the Defender Hose Company and the Polish American Fire Company.

ing the appellants' complaints for want of jurisdiction on the grounds that the appellee is neither a "local agency" pursuant to Section 101 of the Administrative Agency Law[2] nor an "agency" under Section 1 of the Sunshine Law.[3]

Appellants first filed a complaint alleging, *inter alia,* that on or about April 7, 1980, Mr. Chuplis, while he was a member of the Polish American Fire Company, was injured while fighting a fire and was denied his allowable per diem injury payments of $210.00 by the appellee, without a hearing, as required by the Local Agency Law.

In the second complaint, the Polish American Fire Company, by certain trustees ad litem, alleged that appellee was not conducting its meetings in accordance with public meeting requirements of the Sunshine Law. The relief sought was a declaratory judgment holding that the appellee is an agency within the definition of the Sunshine Law, therefore subject to its provisions, and an injunction preventing the appellee from holding any future meetings in violation of said Law.

The appellee, in both actions, filed preliminary objections in the nature of a demurrer which were sustained by the Court of Common Pleas. The appellants then filed a Motion to Consolidate these actions on appeal to this Court, which was granted.

Appellants raise two issues: (1) whether the appellee association is a "local agency" pursuant to Section 101 of the Local Agency Law from whose action an appeal may be taken, and (2) whether the appellee association is an "agency" pursuant to Sec-

---

[2] 2 Pa. C. S. §101.

[3] Act of July 19, 1974, P.L. 486, No. 175, *as amended,* 65 P.S. §261.

tion 1 of the Sunshine Law and, therefore, subject to its provisions requiring a public hearing.

We conclude that the appellee association is neither a "local agency" nor an "agency" as contemplated in either statute.

A "local agency" under Section 101 is defined as "[a] government agency." A government agency is "[a]ny Commonwealth agency or political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority."

The appellee association is clearly not a "political subdivision," nor is it a "municipal or other local authority." Although its activities are regulated by the Volunteer Firemen's Relief Association Act,[4] it is not an arm of any political subdivision. It is a private entity which "may be a body corporate, governed by a charter and bylaws, or it may be an unincorporated association of individuals governed by a constitution and bylaws."[5] The determination of the class or classes of persons eligible for membership in such an association is relegated to fellow volunteer firemen.[6] The voting and other rights of the members are to be set forth in the bylaws adopted by the association, as are the duties of the officers, directors and trustees.[7] The principal function of the appellee association is to provide benefits to volunteer firemen, or their families[8] and it is "regarded as a charitable corporation for all purposes."[9] In short,

---

[4] Act of June 11, 1968, P.L. 149, 53 P.S. §§8501 et seq.

[5] 53 P.S. §8505(a).

[6] 53 P.S. §8505(b).

[7] 53 P.S. §8505(c).

[8] 53 P.S. §8506(e).

[9] 53 P.S. §8505(e).

the appellee association performs a charitable function, as distinguished from a governmental function.

An agency under the Sunshine Law is defined as: any branch, department, board, authority or commission of the Commonwealth of Pennsylvania, any political subdivision of the Commonwealth, or any State, municipal, township or school authority, school board, school governing body, commission, the board of trustees of all State-aided colleges and universities, the board of trustees of all State owned and State-related colleges and universities and all community colleges, or similar organization created by or pursuant to a statute which declares in substance that the organization performs or has for its purpose the performance of an essential governmental function: Provided, That the term "agency" shall include the General Assembly, or any State department, board, authority or commission to include the governor's cabinet when meeting on official policy making business.

We do not feel that the appellee association is an "agency" as defined by this Act. The appellee association is not similar to any of the other entities mentioned in the definition, nor does it perform a governmental function. It is solely a "charitable corporation for all purposes."[10]

Accordingly, for the aforementioned reasons, we sustain the Order of the Court of Common Pleas.

ORDER IN 1147 C.D. 1982

AND Now, May 2, 1984, the Order of the Court of Common Pleas of Schuylkill County dated April 19, 1982, is hereby affirmed.

---

[10] 53 P.S. §8505(e).

ORDER IN 1148 C.D. 1982

AND Now, May 2, 1984, the Order of the Court of Common Pleas of Schuylkill County dated April 19, 1982, is hereby affirmed.